### GOODSELL v. GOODSELL.

(Supreme Court, Appellate Division, First Department. September 29, 1905.)

DIVORCE—ALIMONY—REDUCTION.

A decree of divorce required the husband to pay as alimony $2,700 per annum, and provided that, on the happening of any event materially changing the circumstances of the parties, an application might be made for a modification of the allowance. For three years prior to the decree the husband's profits and salary averaged $6,000 a year. Since the decree, his average annual income amounted to over $7,000. The wife received no substantial income from her property. The husband was compelled, subsequent to the divorce, to borrow $2,640 to pay his debts. *Held* insufficient to warrant a reduction of the allowance.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 693.]
McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Kate T. Goodsell against Edward L. Goodsell. From

an order denying a motion to reduce alimony, defendant appeals.
Affirmed.

See 93 N. Y. Supp. 1038.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

W. M. Bennett, for appellant.

M. Niles, for respondent.

PATTERSON, J.   On the 21st of August, 1899, the plaintiff
obtained a decree of absolute divorce from the defendant, and in
that decree it was provided that the defendant must pay to the
plaintiff the sum of $2,700 per annum, in monthly payments of
$225, for her support and maintenance during her natural life, and
also as follows viz.:

"In case the said plaintiff, Kate Treat Goodsell, shall survive the said de-
fendant, Edward Leeds Goodsell, or any other event shall occur materially
changing the circumstances of said parties, or either of them, an application
may be made on the foot of this judgment by any party in interest for such
modification of the said judgment touching the said allowance for support as
may be just."

In March, 1900, the defendant procured an order to show cause
why an order should not be made modifying the decree or judg-
ment by reducing the allowance therein contained for plaintiff's
support to the sum of $1,200 per annum, to be paid in monthly pay-
ments of $100, and why such other and further relief should not be
granted as might seem proper.   That order to show cause was
based upon an affidavit of the defendant, stating, among other
things, that a decree or judgment of divorce had been rendered
against him, and that provision for alimony had been made as
above stated, and that leave was given in the decree to apply for
a modification as to alimony.   The case had been tried before a ref-
eree, and the defendant, on the application for the order to show
cause, further stated in his affidavit that the testimony before the
referee showed that he was employed at a salary of $4,200 a year, and
that he was to receive a further sum, to wit, a proportion of net profits,
of the company by which he was employed, which in the year pre-
ceding that in which the decree was made amounted to $2,900, and
that, based upon an apparent income of $7,100 a year, the referee
reported to the court and a decree was entered directing the pay-
ment of alimony at $2,700 per annum.   In his affidavit the defend-
ant then proceeded to state that his income had been greatly di-
minished since the inquiry before the referee, and that for the year
1899 he would receive nothing by way of profits, and that his sole
income would be his salary of $4,200, which was subject to pay-
ments for interest on loans and of part of an indebtedness owing by
him, and that by reason of such facts the plaintiff and the defendant en-
tered into a supplemental agreement reducing the amount of alimony to
be paid to the sum of $42.16 weekly and one-third of any profits
which should be paid to the defendant in the year 1899; that he
paid the sum of $42.16 regularly to the plaintiff during the year

1899; that the amount of the weekly payment agreed upon was arrived at by adding to the sum of $35 a week, which the defendant had been paying as temporary alimony, the sum of $7.16 per week, which was estimated to be the expense which the plaintiff would be under of paying the interest on a mortgage and taxes on certain real estate at West Haven, Conn.; that since the making of the agreement plaintiff had failed to pay the interest and taxes referred to, and that the property was then under foreclosure; that in order to make the payments during the year 1899, and to pay defendant's pressing debts, he was compelled to borrow the sum of $2,640; and that, in order to pay off debts to his employer, that employer agreed to pay him his salary of $4,200 in monthly payments of $350, and further agreed to advance him $75 at the end of each month on account of profits for the year 1900, with the provision that, in case the profits of the business were not sufficient to entitle him to $900, he was to be held liable for the repayment of the said amount, and the sum should be regarded as an indebtedness to the company. He then proceeded to state that for the year 1899 the business of his employer was such that there was no net profits received by him over his salary; that his income for the year 1900 was to be salary, $4,200, amount advanced by the company, $900, making an aggregate of $5,100, out of which he would be compelled to pay for notes coming due during the year $1,200, besides a balance due on other loans of $1,268, leaving his net income for the year 1900 the sum of $2,536, being less than the amount of alimony awarded to the plaintiff by the decree.

In answer to the application the plaintiff presented affidavits in which she denied many of the material facts stated by the defendant, and upon the case as then made an order was entered on the 20th of April, 1900, referring it to a referee to take proof of the facts and to report to the court, with his opinion thereon. That order was subsequently, and on the 29th day of July, 1902, modified so as to read as follows:

"Ordered that Algernon S. Norton, Esq., counselor at law in the city of New York, be appointed referee to take proof of the facts relating to the pecuniary circumstances of the parties and to report to the court, with his opinion thereon."

Under that order of reference proceedings were had before the referee and are contained in the voluminous record of 500 pages of printed matter now before the court.

The essential point of the inquiry before the referee was whether such changes had taken place in the circumstances of the defendant as would justify the court in reducing the amount of alimony which had been awarded to the plaintiff in the decree of divorce. The referee reported in favor of reducing it to 22⅛ per cent. of the defendant's fixed salary and the same proportion of whatever share the defendant might have in his employer's profits from time to time. A motion was made to confirm the referee's report, and that

motion was denied, and this appeal is from the order denying the motion to reduce the alimony.

An examination of the record satisfies us that the court was right in refusing to confirm the report of the referee, and the reasons of the court in denying the·motion to confirm are satisfactory and conclusive. They are stated elaborately in the opinion of Mr. Justice Clarke, but may be summarized in a few words. When the decree was entered the defendant received·a salary of $4,200 a year and 10 per cent. of net profits of the business of his employer. From 1896 to the date of the decree, the profits and salary averaged $6,029.80 a year. Since the decree the average income of the defendant has been $7,398.08 a year. In 1899 the defendant received no profits above his salary. In 1901 and 1902, he received a bonus in addition to salary and profits. In 1902 his salary was increased from $4,200 to $6,600 per annum. In 1903 his income was $7,159.09. Examining the testimony with reference to the defendant's income and to his lawful obligations, we see no reason to disturb the order of the court below. So far as the plaintiff's property is concerned and her income, it does not appear that she receives any substantial revenue from any source. A reading of the record satisfies us that the learned judge at Special Term is right in his opinion and conclusion that:

"There have been presented on this reference no facts and circumstances tending to show such change in the fortune, income, or necessities or requirements of the parties since the granting of the decree as to warrant a reduction of the alimony awarded."

The order appealed from was properly made, and should be affirmed, with costs.

All concur, except McLAUGHLIN, J., who dissents.